### L. C. FERRELL v. G. C. WORTHINGTON.

(Filed 29 October, 1947.)

**Arbitration and Award § 2: Reference § 5a—**

> Where the parties by consent judgment stipulate that the amount of commissions due defendant should be determined by a referee and that the amount so found should be binding and conclusive on the parties, the amount found by the referee in accordance with the agreement is conclusive, and the trial court properly declines to entertain exceptions to the referee's report.

APPEAL by defendant from *Burney, J.,* at September Term, 1947, of LENOIR.

Civil action for an accounting for collection of "charged off" accounts of partnership existing between plaintiff and defendant. See former appeal, 226 N. C., 609.

At May Term, 1947, of Superior Court of Lenoir County a consent judgment was entered in which it is recited that all matters in controversy have been satisfactorily compromised and adjusted between the parties, upon the terms and conditions therein set forth, among others that defendant shall also receive commissions for collecting $36,490 from charged off accounts,—the amount of the commissions to be determined by a reference as therein provided, to wit: "That William Dunn, Sr., New Bern, North Carolina, is hereby named a Referee and is hereby authorized, empowered and directed to ascertain what is a reasonable commission to be allowed and paid . . . said amount to be determined by the Referee on a basis of what would be charged for collection of said amounts of money by reputable collection agencies operating in Lenoir and adjoining counties. Whatever amount may be found by said Referee to be due the defendant for making said collections as herein provided shall be conclusive and binding on the parties hereto."

Thereafter, on 23 June, 1947, William Dunn, Referee, purporting to act in accordance with the agreement set forth in said consent judgment, reported to the court that defendant is entitled to receive as commissions for collecting the $36,490 the sum of $2,522.09.

Defendant filed exceptions to the report. Plaintiff moved to strike out the exceptions for that, among other things, the findings and award of the Referee are conclusive and binding upon the parties hereto.

The court declined to entertain the exceptions to the report and ordered that same be disallowed and stricken from the record,—adjudging the report to be final and conclusive and binding upon the parties.

Defendant appeals to Supreme Court and assigns error.

*W. Frank Taylor, Matt H. Allen, and Geo. B. Greene for plaintiff,
appellee.*

*Whitaker & Jeffress, F. E. Wallace, and E. R. Wooten for defendant,
appellant.*

PER CURIAM. William Dunn, Sr., purporting to act in accordance
with the yardstick prescribed by the parties, has determined the amount
of commissions due to defendant. The parties have agreed that whatever
amount found by him to be due shall be conclusive and binding on them.
Their agreement was made a judgment of court record. So be it!
Affirmed.